﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 191216-49729
DATE: September 30, 2020

ORDER

Service connection for an acquired psychiatric disorder, to include depressive disorder and PTSD, is granted. 

FINDING OF FACT

The evidence of record supports finding that the Veteran’s acquired psychiatric disorder, to include depressive disorder and PTSD, occurred in, or is the result of, his period of active duty service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for a psychiatric disorder, to include depressive disorder and PTSD, have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 2011 to October 2016. This matter comes before the Board on appeal from a November 2019 rating decision by the Department of Veterans Affairs (VA) RO.

The Veteran initially filed a claim for service connection for PTSD. However, in Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009), the United States Court of Appeals for Veterans Claims clarified how the Board should analyze claims for PTSD and other acquired psychiatric disabilities. As emphasized in Clemons, a veteran’s claim “cannot be limited only to that diagnosis, but must rather be considered a claim for any mental disability that may be reasonably encompassed.” Id. Accordingly, the Board has re-characterized the issue as shown on the title page.

New and Relevant Evidence

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 38 C.F.R. § 3.156(d). "Relevant evidence" is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501(a)(1).

The November 2019 rating decision found that new and relevant evidence had been received to readjudicate the claim of service connection for PTSD. This is a binding favorable finding by the RO and the Board will proceed to address the claim on the merits. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c).

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection requires: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498 (1995).

The determination as to whether the requirements for service connection are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. 38 U.S.C. § 7104(a); Baldwin v. West, 13 Vet. App. 1 (1999); see 38 C.F.R. § 3.303(a). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Entitlement to service connection for an acquired psychiatric disorder, to include depressive disorder and PTSD.

Turning to the evidence of record, the RO made the following favorable findings in the November 2019 Rating Decision: (1) The evidence shows that a qualifying event, injury, or disease had its onset during the Veterans service; (2) November 2015 service treatment records indicate the Veteran was diagnosed with major depressive disorder and PTSD; and (3) August 2018 Private Disability Benefits Questionnaire provided a diagnosis of PTSD. The Board is bound by favorable findings made by the RO. 38 C.F.R. § 3.104(c).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

Service treatment records from October 2015 reveal the Veteran was diagnosed with major depressive disorder (primary) and PTSD (secondary). Prominent symptoms described included intermittently experiencing feelings of hopelessness and worthlessness, infrequent crying episodes, fatigue, poor focus and concentration, daily mood swings, verbal aggression, excessive worrying, panic attacks, racing thoughts, poor sleep, decreased appetite, nightmares, night terrors, night sweats, and recent difficulty in his marriage due to stressors. The Veteran was prescribed Paxil (anti-depressant), Lunesta (sleeping pill), and Prazosin (useful in managing sleep-related problems caused by PTSD, nightmares). 

In his June 2016 separation report, the Veteran endorsed frequent trouble sleeping, receiving counseling of any type, depression or excessive worrying, and that he was evaluated/ treated for a mental health condition. The examiners summary noted a diagnosis of depression, and that the Veteran was under the care of mental health, had lots of world stressors, and was stable on medications. At the time, the Veteran was still taking Paxil, Lunesta, and Prazosin. His screen for PTSD was negative.

In the July 2018 Disability Benefits Questionnaire, the Veteran was diagnosed with major depressive disorder and PTSD. The Veteran was still taking the following medications: Paxil, Lunesta, and Prazosin. 

Post service VA mental health clinical records from March 2018 through July 2019, reflect continuing counseling and treatment for a psychiatric disability. 

The Veteran was afforded a VA psychiatric examination in September 2019. The examination report noted that the Veteran was not considered to be a reliable historian and statements provided were conflicting and inconsistent with the record; that his performance on symptom validity testing administered during the evaluation endorsed a high frequency of symptoms that are improbable or atypical of individuals with psychiatric or cognitive disorders. The examiner assessed that the Veteran did not meet the criteria for PTSD and was unable to accurately determine the presence of a psychiatric disorder. 

Despite the September 2019 VA examiner’s opinion, the record reflects that the Veteran began treatment for mental health issues in service, and that his mental health treatment continued in the years after service until the present; the records of such treatment reflect diagnosed and persistent psychiatric disability, even though such disability has been variously diagnosed. 

After careful consideration of the claims file, the Board finds the evidence to at least be in equipoise as to whether the Veteran’s current acquired psychiatric disorder is etiologically related to his in-service depressive disorder and PTSD. In this regard, the Board emphasizes that the record as a whole demonstrates the Veteran has manifested chronic psychiatric symptoms that began in service and continued into the post-service period. The only evidence suggesting otherwise is the September 2019 VA psychiatric examination. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds service connection for an acquired psychiatric disorder, to include depressive disorder and PTSD, is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

JONATHAN B. KRAMER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A.M. Edwards, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.